UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | EDCV 21-1124 CAS (RAO) | Date: | July 29, 2021 |
| Title: | David Fink v. Sarkis Ohannessian, et al. | | |

Present:   The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE STAYED [1]**

On July 2, 2021, Plaintiff David Fink filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983, and a request to Proceed Without Prepayment of Filing Fees ("IFP Request"). Dkt. Nos. 1, 2.

In brief, Plaintiff alleges that he was arrested in Idaho in March 2015 and thereafter an arrest warrant was issued for him in San Bernardino County, California. Complaint at 4. He alleges that while he was in jail in Idaho, Defendant San Bernardino County Chief Deputy Sheriff Sarkis Ohannessian listened to a recording of a call that Plaintiff made from his jail cell regarding his intention to hire a "good lawyer" and then, without legal authority, Defendant Ohannessian drafted and executed warrants that were signed by Defendant San Bernardino County Superior Court Judge John Pacheco to seize a total of $12,257.42 of Plaintiff's assets. *Id*. at 4-5. Plaintiff alleges that Defendant Ohannessian's motive was to "deprive Plaintiff of his Sixth Amendment right of counsel of choice." *Id*. at 7. Plaintiff alleges that Defendant San Bernardino County Sheriff John McMahon allowed Defendant Ohannessian to obtain the seizure warrants without proper authority and then refused to comply with a subsequent court order to return the seized assets. *Id*. at 5, 7.

Plaintiff alleges that Defendants' actions violated his rights under the Fourth, Sixth, and Fourteenth Amendments. Complaint at 6-7. Plaintiff also asserts state law fraud claims against Defendants Ohannessian and Pacheco. Complaint at 6. Plaintiff seeks declaratory relief and actual and punitive damages. Complaint at 8.

Because the underlying criminal proceedings that Plaintiff describes in the Complaint are currently pending in Los Angeles County Superior Court, Case No. BA435472, Plaintiff is ordered to show cause why his Complaint should not be stayed pursuant to *Younger v. Harris*, 401 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: EDCV 21-1124 CAS (RAO)          Date: July 29, 2021
Title:    David Fink v. Sarkis Ohannessian, et al.

37, 46, 91 S. Ct. 746, 27 L. Ed.2d 669 (1971) (reaffirming "fundamental policy against federal interference with state criminal prosecutions"). *See Heck v. Humphrey*, 512 U.S. 477, 487 n. 8, 114 S. Ct. 2364, 129 L. Ed. 2d. 383 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."); *see also Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("If a plaintiff files a [civil rights] claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court . . . to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) ("*Younger* principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding.").

In light of the foregoing, IT IS HEREBY ORDERED that Petitioner shall show cause in writing, on or before **August 27, 2021**, why this action should not be stayed pending a final decision in the state court criminal proceedings. **Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

:
dl